**Opinion issued October 10, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00054-CR

_____

**WAYNE EUGENE ALLSUP, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 22nd District Court**
**Hays County, Texas**
**Trial Court Case No. CR-16-0695**

---

## MEMORANDUM OPINION

A jury found Wayne Eugene Allsup guilty of the offense of possession of a

controlled substance, namely methamphetamine, of one gram or more but less than

four grams and sentenced him to 60 years' imprisonment in the Texas Department

of Criminal Justice, Institutional Division. *See* TEX. HEALTH & SAFETY CODE § 481.115(c); TEX. PENAL CODE § 12.42(d). Allsup filed a pro se notice of appeal.

On appeal, Allsup's appointed counsel has filed a motion to withdraw, along with a brief, stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel advised Allsup of his right to access the record and provided him with a form motion for access to the record. Counsel further advised Allsup of his right to file a pro se response to the *Anders* brief. Allsup requested access to the record and filed a pro se response to counsel's brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400

(emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney John G. Jasuta must immediately send Allsup the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.
Do not publish. TEX. R. APP. P. 47.2(b).

---

[1]    Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).